IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV684-FDW
(3:11CR374- FDW)

| | |
|---|---|
| MICHELLE V. MALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on pro se Petitioner's Motion for Transcripts, (Doc. No. 4).

Petitioner placed her underlying Section 2255 motion to vacate in the prison system for mailing on September 10, 2016, and it was stamp-filed in this Court on September 23, 2016. On October 21, 2016, this Court granted Petitioner an additional sixty days in which to file a supporting memorandum. (Doc. No. 3). This Court noted that, although Petitioner sought a 120-day extension to obtain various records from her criminal action, she had already had ample time in which to obtain these documents, and the one-year limitations period under 28 U.S.C. § 2255(f)(1) was approaching.

On November 15, 2016, Petitioner filed the pending motion for transcripts, in which she states that she seeks "a court order granting her to receive all transcripts pertaining to her case" and she states that "she needs the transcripts to validate her claim and issues." (Doc. No. 4 at 1-2). She also seeks an additional sixty days to file her supporting memorandum.

The Court will deny Petitioner's motion for transcripts at this time. Free transcripts are

1

provided to indigent prisoners in proceedings brought under 28 U.S.C. § 2255 ". . . if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Here, Petitioner has not established that the transcripts are needed to decide the issues presented in her motion to vacate, nor has she established indigency. Petitioner brings three purported claims in her pro se motion to vacate. As to her first two claims, in Grounds One and Two, she simply states "retroactivity of USSG relevant conduct," and "retroactivity of USSG minor role," with no supporting facts whatsoever. To the extent that Petitioner seeks a reduction in her sentence pursuant to Amendment 794 to U.S.S.G. § 3B1.2, Petitioner must seek such relief on this claim, if at all, by filing a motion under 18 U.S.C. § 3852 in her criminal case. In any event, Petitioner has not shown why the transcripts are necessary in this case to pursue her first and second Grounds for relief.

Next, Petitioner identifies her third claim, in Ground Three, as a claim of "ineffective assistance of counsel," also with no supporting facts. That is, she does not present any facts whatsoever to inform the Court how she contends her counsel was constitutionally ineffective. The Court will deny Petitioner's motion for transcripts as to this claim at this time, as Petitioner has not shown how the transcripts are relevant to her claim of ineffective assistance of counsel. Petitioner may reassert a motion for transcripts and the Court will reassess it if she can articulate specifically why she needs all of the transcripts in order to pursue her claim of ineffective assistance of counsel. At this time, however, she has not even articulated any facts showing how her counsel was ineffective. An indigent defendant must make a showing of a particularized need to obtain a free transcript. See, e.g., United States v. Hill, 34 F. App'x 942, 943 (4th Cir. 2002). An indigent defendant may not obtain a free transcript "merely to comb the record in the

hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

In sum, for the reasons stated herein, Petitioner's Motion for Transcripts, (Doc. No. 4), is **DENIED** without prejudice.

Frank D. Whitney
Chief United States District Judge